**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ALEX BELFER, et al.,** ) | **CASE NO. 1:05CV2473** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **JUDGE ANN ALDRICH** |
| ) | |
| ) | |
| **OLEG MINKO, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | **MEMORANDUM AND ORDER** |

On May 8, 2006, Oleg Minko, et al. ("Minko") filed a motion to dismiss for lack of personal jurisdiction, or in the alternative, a motion to transfer. (Doc. No. 46.) On June 14, 2006, Alex Belfer, et al. ("Belfer") filed a response. (Doc. No. 50.) All issues have been fully briefed and are ripe for adjudication. For the reasons stated herein, the court denies Minko's motion.

**I. FACTUAL BACKGROUND**

On October 20, 2005, Belfer instituted an eleven count complaint against Minko. This complaint alleges both contract as well as tort causes of action. At issue, is the relationship between the parties in Belfer's offering and selling of computer software, DVDs, and other products on the internet through a website called "action-dvd.com." Belfer alleges a contract with Oleg Minko to design and maintain this website. This relationship stretched as far back as 1999. Belfer alleged that Minko was, among other things, blocking access to the website and

interfering with Belfer's business. On October 21, 2005, this court issued at temporary restraining ("TRO") order against Minko, which was subsequently extended through November 21, 2005. (Doc. No. 5, 16.)

The defendants consist of three Florida residents and two Florida corporations. Plaintiff Alex Belfer is a citizen of the state of Ohio.

## II. DISCUSSION

A) Motion to Dismiss for Lack of Personal Jurisdiction

In considering a motion to dismiss under Rule 12(b)(2), the court may determine the motion on the basis of affidavits alone. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In this case, the defendants have submitted affidavits in support of their motion. When a court rules on a motion to dismiss pursuant to Rule 12(b)(2) without conducting an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In such a case, the plaintiff bears the burden of making a prima facie showing that in personam jurisdiction exists. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). To establish a prima facie showing of personal jurisdiction, plaintiff must show that: 1) the defendant is amenable to suit under the forum state's long-arm statute; and 2) the due process requirements of the Constitution are met. *CompuServe*, 89 F.3d at 1262.

B) Personal Jurisdiction under Ohio Long-Arm Statute

For personal jurisdiction to exist, a defendant must have sufficient contacts with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute, Ohio Rev. Code § 2307.382, and constitutional due process requirements. *Id.*

Ohio Rev. Code § 2307.382(A)(1) provides that a court may exercise personal jurisdiction over a person in a cause of action arising from the person's transacting any business in Ohio. A court may also exercise personal jurisdiction in a cause of action arising from the person's causing tortious injury in Ohio by an act or omission outside Ohio if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio. Ohio Rev. Code § 2307.382(A)(3) and (4). "Although the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, the central inquiry is whether minimum contacts are satisfied so as not to offend 'traditional notions of fair play and substantial justice.'" *Rowlette*, 228 F.3d at 721 (quoting *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 1994 Ohio 229, 638 N.E.2d 541, 545 n. 1 (1994)).

The court has personal jurisdiction over Minko based on Ohio's long arm statute. Specifically, since late 1998, Minko has continuously and systemically traveled to Ohio to transact business with Ohio residents and Ohio-based businesses. Moreover, Minko negotiated

in Ohio, received funds from Ohio, delivered services to Ohio, maintained servers in Ohio, and solicited business contracts and business dealings from Ohio residents and Ohio businesses, including Belfer. Therefore, under the language of O.R.C. § 2307.382(A)(1), Minko was conducting business in Ohio.

In *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit established a three-part test for determining whether the exercise of personal jurisdiction is within the bounds of due process: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Random, fortuitous or attenuated contacts with the forum state are not sufficient. *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989). The defendant's relationship with the forum state must not be merely collateral, but rather the kind of substantial relationship that invokes, by design, the benefits and protections of its laws. *Id.*

The existence of a contract between the defendant and an Ohio citizen, standing alone, will not suffice to confer personal jurisdiction over a foreign defendant; rather, the parties' negotiations and contemplated future consequences, the terms of the contract, and the parties' actual course of dealing must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 478-79 (1985).

Again, the nature of Minko's continuous business conduct in Ohio demonstrates that personal jurisdiction in this instance is within the bounds of due process. To wit, Minko's behavior satisfies the three prong test. Minko purposely availed themselves of acting in Ohio; the cause of action has arisen because of these business activities; these activities have had direct consequences in Ohio to the named plaintiffs. Therefore, personal jurisdiction in this matter is proper.

C) Motion for Transfer of Venue

Minko moved in the alternative for the transfer of this case to Florida pursuant to 28 U.S.C. § 1404(a). In the Sixth Circuit, a court cannot consider a motion to transfer venue under § 1404(a) unless the court has personal jurisdiction over the defendants. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

Under § 1404(a), "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first requirement for transfer is that the action "might have been brought" in Florida. Since the defendants are residents of Florida, this requirement is met. The court must also consider whether a change of venue will facilitate the "convenience of the parties and witnesses" and serve "the interests of justice." *D.C. Micro Dev., Inc. v. Lange*, 246 F.Supp.2d 705, 712-13 (W.D.Ky. 2003).

The court must also consider other factors, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining

willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice, including such concerns as systemic integrity and fairness. *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

The above factors weigh in favor of denying a transfer to Florida. This case has already proceeded in this courtroom since October 20, 2005, and in the interim it has amassed a considerable docket. The court is familiar with the parties and the issues at stake. This factor, perhaps above all, weighs inordinately in favor of denying a change of venue.

### III. CONCLUSION

For the aforementioned reasons, the court denies Minko's motion to dismiss pursuant to Rule 12(b)(2). The parties shall appear for a status conference in chambers on Friday, April 20, 2007, at 2:30 p.m. in Chambers 17 B.

IT IS SO ORDERED.

*s/Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated: **March 14, 2007**