**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEX BELFER, et al.,** | ) | **Case No. 05CV02473** |
| | ) | |
| Plaintiffs, | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| v. | ) | |
| | ) | |
| **OLEG MINKO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM AND ORDER** |
| | ) | |

Before the court are defendants' motion to execute upon an injunction bond (Doc. No. 71), plaintiffs' motion for reconsideration of the court's order vacating release of the bond (Doc. No. 75), and defendants' motion for leave of court to file a brief in support of an award of reasonable attorneys' fees and costs (Doc. No. 72). For the reasons discussed below, the court denies defendants' motion to execute upon the injunction bond (Doc. No. 71), grants plaintiffs' motion for reconsideration of the court's order vacating release of the bond (Doc. No. 75), and denies defendants' motion for leave of court to file a brief in support of an award of reasonable attorneys' fees and costs (Doc. No. 72).

**I.  Background**

On October 20, 2005, plaintiffs Alex Belfer and Action Software, Inc. (collectively "plaintiffs") filed their complaint bringing various federal and state claims against defendants Oleg Minko, Nellie Izmaylova, Claudia Minko, and WebImage 2000, Inc. (collectively "defendants").[1] (Doc. No. 1.) That same day, plaintiffs filed a motion for a preliminary injunction and temporary restraining order ("TRO"), and the court conducted a hearing on the motion. (Doc. No. 3.) The following day, the court granted the TRO, indicating that the order would run for ten days unless renewed, and requiring plaintiffs to post a bond of $32,600. (Doc. No. 5.) Plaintiffs posted bond in that amount on October 26, 2005. The TRO

---

[1] The complaint named two other defendants who subsequently have been dismissed.

was subsequently extended through November 21, 2005 and a preliminary injunction hearing was scheduled for November 15, 2005. (Doc. No. 16.) Prior to that date, however, the parties entered into settlement negotiations, and no hearing took place. (Doc. No. 59.)

Almost a year and a half later, plaintiffs filed a motion to release the bond, followed by a renewed motion to release the bond six months later. (Doc. Nos. 32, 53.) On March 14, 2007, the court denied the motions because there had not yet been a final disposition of the case. (Doc. No. 56.)

On October 15, 2007, plaintiffs filed a Notice of Dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. (Doc. No. 67.) On November 1, 2007, plaintiffs filed a motion to release the bond. (Doc. No. 68.) Four days later, the court dismissed the case and released the bond. (Doc. Nos. 69, 70.) Defendants then filed their motion to execute upon the bond (Doc. No. 71), and the court issued an order vacating bond's release (Doc. No. 73). Plaintiffs subsequently filed a motion for reconsideration of the release of the bond, which appears to double as a brief in opposition to defendants' motion to execute upon the bond. (Doc. No. 75.) Accordingly, defendants filed a reply brief in support of their motion to execute upon the bond. (Doc. No. 76.)

In addition, defendants filed a motion for leave of court to file a brief in support of an award of reasonable attorneys' fees and costs. (Doc. No. 72.)

**II. Discussion**

*A. Release of TRO bond*

As a general rule, a defendant must win a final judgment in its favor as a prerequisite to recovering on a bond. *Int'l Union v. Danna Corp.*, 697 F.2d 718, 723 (6th Cir. 1983). However, a voluntary dismissal *with prejudice* serves as a final adjudication on the merits. *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001).

Here, although plaintiffs filed this suit on October 20, 2005, defendants never filed an answer. As a result, plaintiffs were able to file a notice of dismissal under Rule 41(a)(1)(i), which provides that a plaintiff may dismiss an action without court order by filing a notice of dismissal anytime before the adverse party has filed an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(i) (2007). Because plaintiffs' claims had not previously been dismissed in any other court, they were dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1).

Defendants rely on dictum from the Eighth Circuit for the proposition that a plaintiff's voluntary dismissal serves as a final determination on the merits to render plaintiff liable on the bond. *See Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 243 (8th Cir. 1970). Defendants, however, failed to note that in the next paragraph, the Eighth Circuit found it significant that while there had not been a determination on the merits, there had been a determination that the plaintiffs were not entitled to injunctive relief. *Id*. Further, a district court following *Middlewest* has noted that a determination as to whether a voluntary dismissal serves as a final determination on the merits must be made on a case by case basis. *LaSalle Capital Group, Inc. v. Alexander Doll Co.*, No. 95-cv-1640, 1995 U.S. Dist. LEXIS 14338, at *10 (N.D. Ill. Sept. 28, 1995) (docketed Oct. 2, 1995). On the facts of this case, because there has been no determination that plaintiffs were not entitled to injunctive relief, the logic of *Middlewest* is not persuasive.

Defendants also turn to policy, stating that "Plaintiffs obtained injunctive relief and then withdrew the complaint on its [sic] own initiative thus leaving the defendant with no forum in which to litigate the merits of Plaintiffs' claim." (Doc. No. 71-2.) Defendants have hinted at a valid policy concern: "A plaintiff who voluntarily dismisses an action after a temporary restraining order has been issued reaps the benefit of the injunction and, at the same time, deprives the defendant of an opportunity to establish that the injunction ought not to have been granted." *Pace v. Ross*, No. 78-cv-2515, 1981 U.S. Dist. LEXIS 11351, at *16 (S.D.N.Y. Mar. 13, 1981). In *Pace*, plaintiffs filed their complaint and

motion for a TRO to enjoin a meeting that was scheduled to take place that same day, giving rise to an inference that plaintiffs sought the TRO to harm defendants. *Id.* at *4-6, 20. It thus follows that the risk of a plaintiff abusing the TRO process by obtaining a TRO and then voluntarily dismissing the case is most pronounced during the early stages of litigation when defendant has not had an opportunity to answer or otherwise defend the lawsuit. Here, however, the timing of the filing of the lawsuit and the motion for a TRO do not support an inference that plaintiffs obtained the TRO for malicious purposes. Further, defendants were afforded ample opportunity to answer or otherwise defend the lawsuit; the complaint was pending for over two years before plaintiffs filed their notice of removal. Accordingly, defendants' policy concerns do not support the court finding an exception to the general rule that a defendant must win a final judgment in its favor as a prerequisite to recovering on a bond. Therefore, the court finds that defendants' motion to execute upon the bond must be denied.

### *B.     Attorneys' Fees*

"The 'American Rule' with regard to attorney fees is that each party, including the prevailing party, must bear his or her own attorney fees." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Further, it is within the court's discretion to impose defense costs upon plaintiffs granted a voluntary dismissal. *DWG Corp. v. Granada Inv., Inc.*, 962 F.2d 1021, 1202 (6th Cir. 1992).

Here, as already noted, defendants' failure to answer or to move for summary judgment enabled plaintiffs to file a notice of dismissal even though the suit had been pending for over two years. Defendants now seek leave of court to file a brief in support of an award of reasonable attorneys fees and costs. (Doc. No. 72.) It is worth noting, however, that since February 2, 2007, defendants have proceeded pro se. Defendants' counsel withdrew because defendants did not wish further representation and were unable to fulfill their financial obligations to their attorneys. (Doc. Nos. 48, 55.)

In light of these facts, the court finds no reason to depart from the American Rule and denies defendants motion for leave of court to file a brief in support of attorneys fees.

### III. Conclusion

For the foregoing reasons, the court denies defendants' motion to execute upon the injunction bond (Doc. No. 71), grants plaintiffs' motion for reconsideration of the court's order vacating release of the bond (Doc. No. 75), and denies defendants' motion for leave of court to file a brief in support of an award of reasonable attorneys' fees and costs (Doc. No. 72).  Accordingly, the bond is released, less court costs attributed to plaintiffs, to the IOLTA account held by plaintiffs' counsel, Raslan, El Kamhawy & PLA, LLC.  This order is final and appealable.

IT IS SO ORDERED.

                                    */s/ Ann Aldrich*
                                    ANN ALDRICH
                                    UNITED STATES DISTRICT JUDGE

Dated: January 17, 2008